## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## www.flsb.uscourts.gov

*In re:*                                                     Case No.: 14-26042-AJC

DEBORAH FRIEND,                                Chapter 7

      Debtors.                                         /

## TRUSTEE'S AGREED MOTION TO (I) DISMISS BANKRUPTCY CASE, (II) DIRECT THE DEBTOR TO PAY ADMINISTRATIVE FEES AND COSTS, AND (III) AUTHORIZING THE TRUSTEE TO DISBURSE FUNDS TO SATISFY ADMINISTRATIVE FEES AND COSTS

Jacqueline Calderin, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Deborah Friend (the "Debtor"), by and through her undersigned counsel, files this motion for entry of an order (i) dismissing the above-captioned chapter 7 case, (ii) directing the Debtor to pay the administrative expenses incurred by the Trustee in this case, and (iii) authorizing the Trustee to disburse such amounts in full satisfaction of all outstanding fees and costs incurred by counsel in representing the Trustee in this matter (the "Motion"). In support of the Motion, the Trustee states as follows:

1. This matter was initiated by the Debtors upon the filing of a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in this Court on July 15, 2014 (the "Petition Date").

2. The meeting of creditors pursuant to Section 341 of the Bankruptcy Code was held and concluded on August 11, 2014 (the "341 Meeting").

3. On November 17, 2014, the Trustee issued the *Trustee's Notice of Taking Rule 2004 Examination Duces Tecum of Gerald Miller* [ECF #34] (the "2004 Notice"), which requested Gerald Miller, a related party with information concerning the Debtor's interest in real property in Peru, to produce certain documents to the Trustee. Mr. Miller timely produced the requested documents.

4. Undersigned counsel communicated regularly with Mr. Miller and Debtor's counsel to determine the best disposition of the Debtor's interest in real property in Peru. During the course

of these discussions, the Debtor indicated that she wishes to dismiss her chapter 7 case. The Trustee is agreeable to dismissing the Debtors' chapter 7 case on the condition that the Debtor pay the administrative costs incurred by the Trustee this case, including the fees and costs incurred in investigating the Debtor's assets. The Trustee therefore requests that any order dismissing the case further direct the Debtor to pay to the Trustee the amount of $5,000.00, representing the discounted fees incurred by ECC as counsel to the Trustee, in two installments of $2,500 each, with the first payment due on or before July 1, 2016 and the balance due on July 15, 2016. The Trustee also requests authority to disburse such amounts to Ehrenstein Charbonneau Calderin ("ECC") in full satisfaction of all outstanding fees and costs incurred by ECC as counsel for the Trustee. ECC's complete time records, in chronological order, and cost records are attached hereto as **Exhibit "A"**.

**WHEREFORE** the Trustee respectfully requests an Order in substantially the form attached hereto as **Exhibit "B"**, (a) dismissing this chapter 7 case, (b) directing the Debtor to pay $5,000.00 to the Trustee to satisfy administrative expenses incurred by the Trustee in this case, (c) authorizing the Trustee to disburse such amounts to ECC in full satisfaction of all outstanding fees and costs incurred by ECC in representing the Trustee in this matter; and (c) granting such other relief as the Court deems just and proper.

<div style="margin-left: 40%;">

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Chapter 7 Trustee*
501 Brickell Key Drive, Suite 300
Miami, FL  33131
T. 305.722.2002        F. 305.722.2001

By:    */s/ Matthew Petrie*
       Matthew A. Petrie, Esq.
       Florida Bar No: 44770
       map@ecclegal.com

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served was via U.S. Mail upon the Debtor, and by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on June 16, 2016.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Chapter 7 Trustee*
501 Brickell Key Drive, Suite 300
Miami, FL 33131
T. 305.722.2002    F. 305.722.2001

By: /s/ Matthew Petrie
Matthew A. Petrie, Esq.
Florida Bar No: 44770
9map@ecclegal.com

# Exhibit B
# (Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*                                                                  Case No.: 14-26042-AJC

DEBORAH FRIEND,                                               Chapter 7

　　　　Debtors.　　　　　　　　　　／

**ORDER GRANTING TRUSTEE'S AGREED MOTION TO**
**DISMISS BANKRPUTCY CASE**

THIS MATTER came before the Court upon the *Trustee's Agreed Motion to (I) Dismiss Bankruptcy Case, (II) Direct the Debtor to Pay Administrative Fees and Costs, and (III) Authorizing the Trustee to Disburse Funds to Satisfy Administrative Fees and Costs* [ECF #      ] (the "Motion") filed by Jacqueline Calderin, Chapter 7 Trustee (the "Trustee"). The Court, having reviewed the Motion and finding good cause for the relief requested in the Motion, **ORDERS** as follows:

1. The Motion is **GRANTED**.

2. The above-caption chapter 7 case is **DISMISSED** with prejudice as to the filing of any bankruptcy case in any federal bankruptcy court in the United States of America by the above-named Debtor earlier than 180 days from entry of this Order.

3. The Debtor shall pay to the Trustee $5,000 in two installments of $2,500 each. The first installment payment shall be due on or before July 1, 2016, and the second payment shall be due on or before July 15, 2016. If the Debtor defaults by failing to timely make the payment required under this paragraph, the Trustee will notify the Debtor of such default by U.S. Mail or e-mail. If the Debtor fails to cure the default within five calendar days of the notice of default, the Debtor agrees to vacatur of this Order and reinstatement of the chapter 7 case on an *ex parte* basis.

4. Upon receipt of the total payment of $5,000 from the Debtor in accordance with paragraph 3, the Trustee is authorized and directed to disburse such funds to Ehrenstein Charbonneau Calderin ("ECC") to satisfy outstanding administrative fees and expenses incurred in administering the case as Court-approved counsel for the Trustee in this matter in full satisfaction of all fees and expenses incurred by ECC in representing the Trustee.

5. The Court reserves jurisdiction to enforce the terms of this Order.

# # #

**SUBMITTED BY:**
Matthew A. Petrie, Esq.
Florida Bar No: 44770
map@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Chapter 7 Trustee*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002     F. 305.722.2001

(Copy furnished to Attorney Petrie, who is directed to serve a copy of this Order upon all interested parties)

2